UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60588-DIMITROULEAS

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

CHRISTOPHER D. DANTIN, and
CHRIS A. DANTIN,

        Defendants.
_____/

## FINAL JUDGMENT AGAINST DEFENDANT CHRISTOPHER D. DANTIN

This cause comes before the Court upon Plaintiff Securities and Exchange Commission's Unopposed Motion for Final Judgment against Defendant Christopher D. Dantin ("Motion"). [DE 3]. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

By the Consent of Defendant Christopher D. Dantin to Final Judgment ("Consent") attached to the Motion, without admitting or denying the allegations of the Complaint (except that Dantin admits the jurisdiction of this Court over him and over the subject matter of this action and as otherwise set forth in Section V below), Dantin has waived service of the summons and Complaint, entered a general appearance, consented to entry of this Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment. The Court finds that good cause exists for entry of the Final Judgment. Accordingly, the Commission's Motion is **GRANTED**. The Court further orders as follows:

I.

### PERMANENT INJUNCTIVE RELIEF

**A. Section 5 of the Securities Act of 1933 ("Securities Act")**

**IT IS ORDERED AND ADJUDGED** that Dantin is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Dantin's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Dantin or with anyone described in (a).

### B.  Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act")

**IT IS FURTHER ORDERED AND ADJUDGED** that Dantin is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Dantin's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Dantin or with anyone described in (a).

## II.

### DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Dantin is liable to the Commission for disgorgement of $1,279,886.84, representing gains as a result of the conduct alleged in the Complaint, together with prejudgment interest on disgorgement of $123,157.47, and a civil penalty of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Dantin shall satisfy his disgorgement, prejudgment interest, and civil penalty obligations by paying the total of $1,503,044.31 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.  Dantin shall be entitled to an offset

against his disgorgement and prejudgment interest obligations of $1,403.044.31 for any amounts he pays to the 1 Global bankruptcy liquidating trustee in connection with the settlement approved by the Bankruptcy Court in In Re 1 GC Collections, et al., Case No. 18-19121-RAM, Southern District of Florida (DE 1681), provided he provides documentation to the Commission and the Court of any such payments made.

Dantin may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at https://pay.gov/public/form/start/39621196.  Dantin may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>    Enterprise Services Center
>    Accounts Receivable Branch
>    6500 South MacArthur Boulevard
>    HQ Bldg. Room 265, AMK-326
>    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying: the case title, civil action number, and name of this Court; Christopher D. Dantin as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Dantin shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Robert K. Levenson, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1950, Miami, FL 33131.  By making any payment, Dantin relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.  Dantin shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Dantin shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on his payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Dantin's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Dantin shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment.  For purposes of this paragraph, a "Related Investor

Action" means a private damages action brought against Dantin by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and Dantin shall comply with all of the undertakings and agreements set forth therein.

### IV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter and over Dantin in order to implement and carry out the terms of this Final Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court deems appropriate under the circumstances

### V.

### BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Dantin, and further, any debt for disgorgement, prejudgment interest, or civil penalty or other amounts due by Dantin under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Dantin of the federal securities laws or any

regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VI.
## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of March, 2021.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record